THE STATE, *ex relatione,* PETER COLLINS, plaintiff in error, *vs.* E. BYRD, sheriff, defendant in error.

Where a sheriff, by mistake, sold property on the first Tuesday in May, but discovered the mistake before the money was paid by the holder:

*Held,* That he could not be compelled by *mandamus* to make a deed and deliver possession to the bidder, on his tender of the amount of his bid.

Sheriff's Sales. Mistake. *Mandamus.* Before Judge GIBSON. Burke Superior Court. May Term, 1870.

On the first Tuesday of May, 1870, Byrd, as sheriff, at the usual hour and place of sheriff's sales, offered for sale a lot under a mortgage *fi. fa.,* and it was bid off by Collins. He tendered the sheriff his bid, but the sheriff refused to

make him a deed. Collins sued out *mandamus* to compel him to do so. By counsel it was demurred to, upon the ground that *mandamus* was not a proper remedy. The Court sustained the demurrer, and that is assigned as error. (This is all the *record* shows. But the *bill of exceptions* states that Byrd's refusal to make the deed was because the land was not advertised to be sold in April, but in May, 1870. And the Judge certifies that that fact was made to appear to him on the hearing.)

STEPHEN D. COKER and JOHN D. ASHTON, for plaintiff in error.

JOHN J. JONES, for defendant.

McCAY, J.

We are rather inclined to the opinion that the Judge of the Superior Court, under that general power which he has over its officers, may compel the sheriff, by rule, to execute a deed in performance of his duty as sheriff, in executing the processes of the Court, as well as to put purchasers in possession of property purchased at a sale, under a *fi. fa.*, and that a *mandamus* is not necessary, there being another remedy: Revised Code, section 3142. But we do not put our judgment, in this case, on that ground. As appears by the facts set forth in the bill of exceptions, this land had not been advertised for sale on the first Tuesday in April at all. The day fixed in the notice was the first Tuesday in May. That *this* notice had run four weeks, by the first Tuesday in April, does not help the matter. There was *no* advertisement at all for *April*, and had an actual sale been completed, the defendant's title would have been *illegally* sold. It may be true that a purchaser, without notice of the illegality, would have gotten a good title, under section 2586 of the Revised Code. But to make one an *innocent purchaser* in such a case, there must be more than a mere bid. He must

have paid the money.  He must have put himself in a new situation, so that he would be damaged by the transaction, if it were set aside.  The law does not make such a sale a legal one; it only declares that an innocent purchaser shall be protected, leaving the defendant in the *fi. fa.* to his remedy against the sheriff.

It is a general rule that, to make an *innocent purchaser*, requires that the purchaser shall not only have bargained without notice, but he must have paid his money, or done some other act which makes it unjust to set up the rights of the equitable owner.  Here the mistake was discovered before any harm was done, and the sheriff did right to refuse to complete the sale; the purchaser paid nothing, received no wrong, and it would be unjust and unfair to permit him to have the land, to the injury of the defendant.  As it was never advertised for sale on the day it was sold, the plaintiff, the defendant, and all who would probably have been called, by the notice, to be present, were entrapped.

We think, therefore, that the sheriff was right, and we affirm the judgment of the Court, on the ground that the relator had no right to demand the deed.

Judgment affirmed.